NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA KULAS,<br><br>                        Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                        Defendant. | Civil Action No. 13-4790 (SDW)<br><br>**OPINION**<br><br>April 30, 2014 |

**WIGENTON,** District Judge.

Before this Court is Plaintiff Lisa Kulas' ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), with respect to Administrative Law Judge Dennis O'Leary's ("ALJ") denial of Plaintiff's claim for Social Security Disability Insurance Benefits ("SSDI") pursuant to 42 U.S.C. § 405(g). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons stated below, the final decision of the Commissioner is **vacated** and this matter is **remanded** for further proceedings.

**FACTUAL HISTORY**

Plaintiff is a resident of Avenel, New Jersey. (Compl. ¶ 2.) She previously worked as a waitress, hostess, and bartender. (Id. ¶ 4; Pl. Br. 13.) On April 29, 2010, Plaintiff stated that she was drinking, fought with a friend, and jumped out of a moving car. (R. 25.) She suffered

1

fractures to her "left humerus and humeral head and radial nerve palsy of the left arm with [a] wound on the left forearm." (Id.) That day, Plaintiff underwent surgery and was discharged on May 4, 2010 in stable condition. (R. 25, 186.)

Following her injury, Plaintiff was examined and treated by Dr. Surrender M. Grover, M.D. ("Dr. Grover") from May 2010 through August 2010. (R. 25-27.) In his office notes, Dr. Grover reports that Plaintiff complained of pain in her left arm and lower back. (Id.) Plaintiff alleges that she has continued to suffer from severe orthopedic and neurological conditions since April 29, 2010. (Compl. ¶¶ 5, 6.) Plaintiff asserts that she must soak in a hot bath for at least one hour each day in order to move and that she cannot lift her left arm above her shoulder. (R. 36-38.)

**PROCEDURAL HISTORY**

On or about May 24, 2010, Plaintiff filed an application for SSDI benefits alleging disability since April 29, 2010. (Compl. ¶ 4; R. 22.) The Social Security Administration (the "SSA") denied Plaintiff's application initially and on reconsideration. (R. 22, 57-74.) Plaintiff then requested a hearing before an ALJ. (Id. at 75-78.) A hearing was held on November 7, 2011. (Id. at 86, 94.) On February 1, 2012, Plaintiff's claim was denied. (Compl. ¶ 8.) The ALJ found that Plaintiff was not disabled at any time since April 29, 2010. (R. 27-28.) The Appeals Council affirmed the ALJ's denial on June 12, 2013. (Compl. ¶ 8.) Subsequently, Plaintiff filed the instant appeal on August 9, 2013.

**LEGAL STANDARD**

In social security appeals, this Court has plenary review of the legal issues decided by the Commissioner. Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support

those conclusions.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations omitted).

Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Bailey v. Comm'r of Soc. Sec., 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" Bailey, 354 F. App'x. at 616 (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  Daniels v. Astrue, No. 08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).  "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision."  Cruz v. Comm'r of Soc. Sec., 244 F. App'x. 475, 479 (3d Cir. 2007) (citing Hartranft, 181 F.3d at 360).  This Court is required to give substantial weight and deference to the ALJ's findings.  See Scott v. Astrue, 297 F. App'x. 126, 128 (3d Cir. 2008).  Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." Cruz, 244 F. App'x. at 479 (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on

3

the plaintiff's claim for disability benefits.'" Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979) (quoting Saldana v. Weinberger, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)).  Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits."  Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984) (citations omitted).

**DISCUSSION**

An individual will be considered disabled under the Social Security Act if he or she is unable to "engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months.  42 U.S.C. § 423(d)(1)(A).  The physical or mental impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy[.]"  Id. § 423(d)(2)(A).  A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged[.]"  Id. § 423(d)(5)(A).

In determining disability, the SSA utilizes a five-step sequential analysis.  See 20 C.F.R. § 416.920; see also Cruz, 244 F. App'x. at 479.  At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA").  See 20 C.F.R. 416.920(b). Next, at step two, the ALJ must determine whether the claimant has a medically determinable severe impairment or a severe combination of impairments.  See 20 C.F.R. 416.920(c).  At step three, the ALJ must "compare the claimant's medical evidence to a list of impairments presumed

4

severe enough to negate any gainful work." Caruso v. Comm'r of Soc. Sec., 99 F. App'x. 376, 379 (3d Cir. 2004). At step four, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work. See 20 C.F.R. 416.920(f). "Past relevant work" means work performed within the fifteen years prior to the date that disability must be established. See id. At the last step, step five, the Commissioner must determine whether the claimant is able to do any other work considering his RFC, age, education, and work experience. See 20 C.F.R. § 416.920(g).

A determination of non-disability at steps one, two, four, or five in the five-step analysis ends the inquiry. See 20 C.F.R. § 416.920. A determination of disability at steps three and five results in a finding of disability. See id. Contrarily, if an affirmative answer is determined at steps one, two, or four, the SSA proceeds to the next step in the analysis. See id.

The issue Plaintiff raises on appeal is whether the Commissioner's decision is supported by substantial evidence. (Pl. Br. 2.)

### A. Step One: Whether Plaintiff has performed any "substantial gainful activity"

SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. See 20 C.F.R. 416.972(a). If an individual engages in SGA, she is not disabled regardless of the severity of her physical or mental impairments. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If the individual is not engaging in SGA, the ALJ proceeds to the next step. See id.

Here, the ALJ properly found that Plaintiff has not engaged in SGA since April 29, 2010, the alleged onset date of disability. (R. 24.)

### B. Step Two: Whether Plaintiff has a "severe" impairment or combination of impairments affecting her ability to do basic work activities

5

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. See 20 C.F.R. 416.921. An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. See id. If the claimant does not have a severe impairment or severe combination of impairments, she is not disabled. See 20 C.F.R. 416. 972(c). If the claimant has a severe impairment or severe combination of impairments, the analysis proceeds to the third step. See id.

Here, the ALJ determined that Plaintiff suffered severe impairments including the comminuted and unstable multiple displaced fracture of the left humerus and humeral head and back pain resulting from contusions. (R. 24.) The ALJ found that these impairments were severe because they caused significant limitations on the claimant's physical ability to do basic work activities. (Id.)

### C. Step Three:  Whether Plaintiff's impairment matches or is equivalent to a listed impairment

At step three, when a claimant's impairments meet or equal a listing, "disability is conclusively established and the claimant is awarded benefits." Knepp, 204 F.3d at 85. The Third Circuit requires the ALJ to "fully develop the record and explain his findings at step three." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 120 (3d Cir. 2000). The ALJ is required to issue more than just a conclusory statement that a claimant does not meet the listings. See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001) (citing Burnett, 220 F.3d at 119-20).

In the instant matter, Plaintiff argues that the ALJ must compare the combined effect of all of Plaintiff's impairments with one or more of the Commissioner's listings per Burnett v. Cms'r of Soc. Sec., 220 F.3d 112, 120 (3d Cir. 2000) and 20 CFR 404.1526 (a).  Plaintiff

contends the ALJ's decision does not evidence such an analysis.  In <u>Burnett</u>, the Third Circuit vacated and remanded the case and held that "on remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why [Plaintiff's] back and knee impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments."  220 F.3d at 120.  Further 20 CFR 404.1526 states:

> If you have a combination of impairments, no one of which meets a listing . . . we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 404.1526.

Here, the ALJ solely states that "the claimant does not have an impairment or a combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)."  (R. 24.)  The ALJ does not include any analysis regarding why Plaintiff's impairments and/or combined impairments do not meet or medically equal the severity of the listed impairments.  Accordingly, this Court remands this case for a new hearing. On remand, the ALJ must fully develop the record and explain his findings at step three.

### D. Informed Waiver of Representation

While the Supreme Court has not recognized a constitutional right to counsel at a Social Security Hearing, a claimant has a statutory right to counsel at such a hearing per 42 U.S.C. § 406.  <u>Vivaritas v. Comm'r of Soc. Sec.</u>, 264 F. App'x 155, 157 (3d Cir. 2008) (citing 42 U.S.C. § 406; 20 C.F.R. § 404.1705).  Further, "[t]he claimant must be given notice of the right to counsel and can waive this right only by a knowing and intelligent waiver."  <u>Id.</u>  The ALJ has a heightened duty when the plaintiff is unrepresented.  "In <u>Hess v. Secretary</u>, [the Third Circuit

7

Court of Appeals] suggested that, when a claimant is not represented by counsel, the hearing officer may have a duty to take a more active role in obtaining the information necessary for a determination on the question of disability." Gachette v. Weinberger, 551 F.2d 39, 41 (3d Cir. 1977) (citing Hess, 497 F.2d 837, 841 (3d Cir. 1974)).  This more active role means "the ALJ has a duty to help the claimant develop the administrative record and 'must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Vivaritas, 264 F. App'x at 157-58 (quoting Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003)).

In the instant matter, Plaintiff argues that the ALJ "did not even attempt to elicit an informed waiver of the plaintiff's right to representation." (Pl. Br. 9.)  Here, when Plaintiff asked the ALJ if she would be better off with an attorney, the ALJ responded "well that is up to you, you know it is kind of an individual thing. I am just required to tell you this so I am telling you this." (R. 32.)  Moreover, the ALJ knew Plaintiff had engaged an attorney that did not appear for the hearing and that the Plaintiff had been trying to reach her attorney. (R. 33.)  The ALJ did not adjourn the hearing to allow the time to contact Plaintiff's attorney.  Further, as the hearing transcript hearing indicates, Plaintiff was not fully informed of the issues in the case, the hearing process, or the burden of proof.  She was also not advised that she could object to the ALJ's hypotheticals.  Because it is unclear as to whether Plaintiff provided a knowing waiver of representation, it is appropriate for this matter to be remanded.

**CONCLUSION**

For the reasons stated above, the final decision of the Commissioner is **vacated** and this matter is **remanded** for further proceedings consistent with this opinion.

s/Susan D. Wigenton, U.S.D.J.